THE MAY, PURINGTON & BONNER BRICK COMPANY

*v.*

THE GENERAL ENGINEERING COMPANY *et al.*

*Opinion filed June 17, 1899—Rehearing denied October 4, 1899.*

1. MECHANICS' LIENS—*provisions of section 4 of act of 1887 are imperative.* The provision of section 4 of the Mechanic's Lien act of 1887, (Laws of 1887, p. 219,) that the claim for lien filed with the circuit clerk shall truly set forth "the times when such material was furnished or labor performed," is material and imperative.

2. SAME—*when misstatement of times of furnishing materials invalidates claim for lien.* A mechanic's lien does not arise under section 4 of the act of 1887 where the statement or claim for lien represents the times of furnishing the material to be a year earlier than it was in fact furnished.

3. SAME—*amendment of bill cannot cure error in statement of lien.* Under the Mechanic's Lien law of 1874 and its amendments of 1887 the filing of a true statement or claim for lien is made a condition precedent to bringing suit, and errors in such statement or claim cannot be cured by amendment of the bill filed to enforce the lien.

4. SAME—*lien arises only by reason of compliance with statute.* The lien claimed under the Mechanic's Lien law of 1874 must exist, if at all, by reason of compliance with the statute, and the knowledge of the other parties as to the actual facts has no bearing on the inquiry whether or not there has been such compliance.

*May, Purington, etc. Co.* v. *Engineering Co.* 76 Ill. App. 380, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

This was a bill filed by appellant, against appellee and Maria W. Sweeney, for a mechanic's lien. The original bill set up a verbal contract between appellant and appellees, February 21, 1893, for the furnishing of brick by the former to the latter for the erection of a building on certain premises described in the bill; that in pursuance of the contract appellant commenced immediately to furnish brick, and continued so to do, as the progress of construction of the building required, until March 13,

1893; that the brick so furnished was used in the construction of the building; that the building constitutes a valuable and permanent improvement of the described premises, and that there is due appellant for the brick so furnished the sum of $384, with interest. The bill further avers that July 5, 1893, appellant filed with the clerk of the circuit court a statement or claim of lien, which is attached to and made a part of the bill, and which is as follows:

"CHICAGO, *June 24, 1893.*

"*General Engineering Company, Harvey, Illinois:*

Bought of May, Purington & Bonner Brick Company, brick manufacturers, 159 LaSalle street, room 4.

1893.

| | | | | | | |
|---|---|---|---|---|---|---|
| Feby · 21..car | 3785—12 M brick at $8.00 | | | | ..............$ | 96 00 |
| "    23..car | 14582—10 " | " | " | | .............. | 80 00 |
| "    27..car | 11068—12 " | " | " | | .............. | 96 00 |
| March 13..car | 272—14 " | " | " | | .............. | 112 00 |

$384 00

"F. o. b. Chicago and Calumet Terminal, at works of General Engineering Company."

"STATE OF ILLINOIS, ⎱ *ss.*
    *County of Cook.* ⎰

"In the clerk's office of the circuit court, Cook county.— May, Purington & Bonner Brick Company *vs.* General Engineering Company.—Claim for lien.

"B. W. May, being first duly sworn, on oath says that he is the agent of the May, Purington & Bonner Brick Company, a corporation organized and doing business under and by virtue of the laws of the State of Illinois, and that the attached 'Exhibit A' is a just and true statement of the account due May, Purington & Bonner Brick Company from General Engineering Company for brick furnished said General Engineering Company at the times in said statement mentioned, which various amounts are become due and payable, and which 'Exhibit A' is made a part hereof; and affiant says that the brick in said statement mentioned were used in the construction and improvement of a brick office building situate upon the following described premises, in the county of Cook and State of Illinois, to-wit: The east three hundred and ninety-four feet of block G of Harvey, a subdivision of that part of the west half of the

west half of the north-east quarter of section seven (7), township thirty-six (36), north, range fourteen (14), east of the third principal meridian, south of Indiana boundary line, lying between the Chicago and Grand Trunk railway and the Chicago Central and Calumet Terminal railway. And affiant says that there is now due and owing to said May, Purington & Bonner Brick Company from said General Engineering Company, at whose request said material was furnished as aforesaid, after allowing to it all just credits, deductions and set-offs, the sum of three hundred and eighty-four dollars ($384.00), for which amount said May, Purington & Bonner Brick Company claims a lien upon the above described premises.        B. W. MAY.

"Subscribed and sworn to before me this 30th day of June, A. D. 1893.        ELMER H. ADAMS, *Notary Public.*"
[Seal.]

The appellees pleaded that the claim of lien filed with the clerk of the circuit court was not truly set forth in the bill, and set out in the plea what purported to be a true copy of the claim so filed, alleging that the same was a true copy. The difference between the alleged copy of the claim of lien set out in the bill, in reference to which the question of law at issue arises, is, that immediately above the dates of the items of brick in the statement marked "Exhibit A," referred to in the bill, and which statement is a part of the claim, are the figures 1893, and in the copy of the claim set out in the plea the figures next above the same dates are 1892. In other words, by the statement of account set out in the bill as part of the claim of lien, the brick appears to have been furnished February 21, 23 and 27, and March 13, 1893, while by the statement of account set up in the plea the brick appears to have been furnished on the same days of the same months in the year 1892.

Upon the filing of appellees' plea, appellant, by leave of court, amended its bill, averring, in substance, that the figures 1892 were inserted by mistake of the scrivener, instead of 1893; that the brick was, in fact, furnished in 1893, which appellees well knew, and that no damage had occurred to appellees by said mistake. Appellees de-

murred to the bill as amended, and the court sustained the demurrer and dismissed the bill. An appeal was taken from the decree of the circuit court dismissing the bill to the Appellate Court. The latter court has affirmed the decree, and the present appeal is prosecuted from such judgment of affirmance.

ISRAEL COWEN, for appellant:

The omission of the year of delivery in a lien claim is not fatal, but will be supplied by the date of the statement. *Blanchard* v. *Fried,* 162 Ill. 462.

In a statement, substantial compliance with the statute is sufficient. *Towner* v. *Remick,* 19 Mo. App. 205.

Wrong statements of terms of payment in a lien claim, made by misunderstanding of the scrivener, can be cured by allegation and proof of the facts. *Culver* v. *Schroth,* 153 Ill. 437.

Mere informality is not fatal. *Kautzen* v. *Hanson,* 28 Neb. 595; *Grace* v. *Oakland Building Ass.* 166 Ill. 637.

Mistakes that do not tend to deceive the parties interested will be overlooked. *Cannon* v. *Williams,* 14 Col. 22.

If a notice is not so defective but that averments and proofs can render it certain, such averments and proofs will cure its indefiniteness. *White* v. *Stanton,* 111 Ind. 540.

ALBERT N. EASTMAN, for appellees:

The original contractor cannot bring suit to foreclose his lien until his claim for lien is filed as provided, nor can he enforce it at all unless he shall commence his suit within two years after filing such statement. Once filed, the suit must be brought within two years or the lien is discharged, and the owner, as well as all others, relieved from its burdens. *McIntosh* v. *Schroeder,* 154 Ill. 520; *Von-Tobel* v. *Ostrander,* 158 id. 499; *Campbell* v. *Jacobson,* 145 id. 389; *Brady* v. *Pearson Lumber Co.* 58 Ill. App. 417.

The mere fact that a party interested in the premises may have notice of the fact that the statute has not been

complied with will not give validity to the lien. *VonTobel* v. *Ostrander*, 158 Ill. 499.

A bill of this kind is not an appeal to the conscience of the court to do equity, but is a method to ascertain and dispose of purely statutory liens. *Foster* v. *Swanback*, 58 Ill. App. 581.

The mechanic's lien is altogether statutory, in derogation of the common law and common right, can only be enforced in conformity with the provisions of the statute, and will be strictly construed. *Underhill* v. *Corwin*, 15 Ill. 556; *Cook* v. *Heald*, 21 id. 425; *Senior* v. *Brebnor*, 22 id. 252; *McClurken* v. *Logan*, 23 id. 77; *Brady* v. *Anderson*, 24 id. 111; *Stephens* v. *Holmes*, 64 id. 337; *Rothgerber* v. *Dupuy*, id. 452; *Huntington* v. *Barton*, id. 502; *Canisius* v. *Merrill*, 65 id. 67; *Bryan* v. *Whitford*, 66 id. 33; *Tracy* v. *Rogers*, 69 id. 662; *Carney* v. *Tuley*, 74 id. 375.

The notice of lien cannot be aided by the averments of the bill. *McDonald* v. *Rosengarten*, 134 Ill. 126.

A verified statement of the time when the material was furnished is one of the statutory requirements. *Fried* v. *Blanchard*, 58 Ill. App. 622; *O'Brien* v. *Krockinski*, 50 id. 456; *McDonald* v. *Rosengarten*, 134 Ill. 126; *National Home Building and Loan Ass.* v. *McAllister*, 64 Ill. App. 143; *Campbell* v. *Jacobson*, 145 Ill. 389.

Per CURIAM: The Appellate Court, in disposing of the case, delivered the following opinion:

"Section 4 of the act of 1874, in relation to liens, as amended by the act of 1887, in force when the alleged contract was made, provides: 'Every creditor or contractor who wishes to avail himself of the provisions of this act shall file with the clerk of the circuit court of the county in which the building, erection or other improvement to be charged with the lien is situated, a just and true statement of account or demand due him, after allowing all credits, setting forth the times when such material was furnished or labor performed, and contain-

ing a correct description of the property to be charged with the lien, and verified by an affidavit,' etc.    (Hurd's Stat. 1893, p. 930; Sess. Laws of 1887, p. 219.)

"The statute with regard to liens is in derogation of the common law, and the Supreme Court has frequently decided that it must be strictly construed. *Cook* v. *Heald*, 21 Ill. 425; *Brady* v. *Anderson*, 24 id. 111; *Stephens* v. *Holmes*, 64 id. 336; *Canisius* v. *Merrill*, 65 id. 67; *Belanger* v. *Hersey*, 90 id. 70; *Butler* v. *Gain*, 128 id. 23; *McDonald* v. *Rosengarten*, 134 id. 126; *Williams* v. *Vanderbilt*, 145 id. 238; *Griffin* v. *Booth*, 152 id. 219; *McIntosh* v. *Schroeder*, 154 id. 520.

"In *Cook* v. *Heald, supra,* the court uses the following language, which is quoted with approval in subsequent cases: 'The lien is given by statute and is in derogation of the common law, and is opposed to common right, and should be strictly construed.    The remedy is cumulative to the ordinary remedy given by the common law, and as it is a privilege enjoyed by one class of the community above that of all others, to be available the party seeking to enforce it should bring himself within the terms of the statute.'    In *Brady* v. *Anderson, supra,* the court say: 'This lien, like all others of the same character, should be fairly enforced when the party brings himself within the provisions of the statute, but it should not be extended to cases falling within the reason but not provided for by the language of the statute.'

"The provision in section 4, *supra*, that the statement required by the section shall set forth 'the times when such material was furnished or labor performed,' is material and imperative. (*Campbell* v. *Jacobson*, 145 Ill. 389.) In the last case the court held that an omission to state in the claim of lien the time when the material was furnished and labor performed was fatal to the claim, saying, among other things: 'A mechanic's lien does not exist and is not enforceable of common right, but is purely a statutory lien, and can be maintained only upon those conditions which the statute imposes.'

"In the present case, the statement filed July 5, 1893, verified by the affidavit of B. W. May, alleges that the statement of account 'is a just and true statement of the account due May, Purington & Bonner Brick Company,' etc. This statement shows that the last of the brick was furnished March 13, 1892. It is stated in the bill that the price of the brick became due and payable the 10th day of the month succeeding the last delivery of brick, which would be April 10, 1892, in accordance with the statement filed with the circuit court clerk July 5, 1893, more than fifteen months after April 10, 1892. It stands confessed by the amendment of appellant's bill that the statement in its claim of lien of the times at which the brick was furnished is untrue in fact, and if an omission to state any time is fatal to a claim of lien, we cannot perceive how it can be held that a false statement of the time,—a statement variant from the true time by twelve months,—can be held to be a compliance with the statute. The statute requires a true statement, verified by affidavit, of the time when the material was furnished, and if the omission to make such statement is fatal, how can it be held that a false statement of the time is not fatal? Certainly a false statement is not within the terms of the statute—is 'not provided for by the language of the statute,' to use the language of the Supreme Court in *Brady* v. *Anderson, supra.*

"We are aware that this construction is strict, and that it may appear a great hardship to appellant to so construe the statute, but in view of the decisions of the Supreme Court, which we regard as in entire harmony with the law applicable to statutory liens, we cannot escape the conclusion that the error in appellant's claim of lien is fatal to the claim. Jones says of statutory liens: 'The courts cannot extend the statute to meet cases for which the statute itself does not provide, though these may be of equal merit with those provided for.' (1 Jones on Liens, sec. 105.) 'A statutory lien can exist only when it has

been perfected in the manner prescribed by the statute authorizing it.' (Ibid. sec. 107.)

"Appellant's counsel contend that the amendment of the bill alleging that the date 1892 was inserted by mistake, and that appellees well knew the times when the brick was furnished, cures the error. In this view we can not concur. Nothing could cure the error in the claim filed with the clerk of the circuit court within the time prescribed by the statute. (*McDonald* v. *Rosengarten*, 134 Ill. 126.) Section 4 provides: 'Any person having filed a claim for a lien as provided in this section may bring a suit at once to enforce the same by bill or petition, in any court of competent jurisdiction in the county where the claim for a lien has been filed.' The filing a statement as prescribed by section 4 being made a condition precedent to the bringing suit, it seems too clear for argument that the claim of lien cannot be amended, after suit brought, so as to affect the suit, and that no amendment of the bill could possibly cure any error in the claim of lien. The averment in the amended bill that appellees knew the times when the brick was furnished and could suffer no damage by the error in the claim of lien, can not, even though true, avail appellant. The lien claimed must exist, if at all, by reason of the appellant's compliance with the provisions of the statute, and neither the knowledge nor the ignorance of appellees of the facts can affect the vital inquiry, has appellant so complied with the statute as to entitle it to a lien? *VonTobel* v. *Ostrander*, 158 Ill. 499, 503.

"We are of opinion that the demurrer to appellant's amended bill was properly sustained. The decree will be affirmed."

Concurring in the foregoing views and in the conclusion above reached, we adopt said views as the opinion of this court. Accordingly, the judgment of the Appellate Court is affirmed.     *Judgment affirmed.*