## Thomas Keefe et al. v. Thomas Minehan et al.

1. Mechanics' Liens—*Requisites of a Sub-Contractor's Notice.*— Under the mechanic's lien law of 1895 a sub-contractor is not entitled to a lien where the notice required to be served upon the owner by section 25 thereof does not state when the amount claimed became due or will become due.

Mechanics' Lien.—Appeal from the Circuit Court of Knox County; the Hon. George W. Thompson, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

W. D. Godfrey and Philip S. Post, attorneys for appellants.

Cooke & Stevens, attorneys for appellee Thomas Minehan.

Mr. Justice Dibell delivered the opinion of the court.

To an amended petition filed by Thomas Keefe for a mechanic's lien for materials furnished as sub-contractor under the mechanic's lien act of 1895, and to a cross-petition by George B. Churchill Company for a mechanic's lien for materials furnished as sub-contractor, Thomas Minehan, the owner of the premises upon which it was sought to establish liens, filed demurrers. The demurrers were sustained, and the petition and cross-petition were dismissed. From that decree the petitioner and cross-petitioner prosecute this appeal.

Section 22 of the mechanic's lien law of 1895 gives sub-contractors a lien. Section 25 provides that such sub-contractor or party furnishing the materials may, at any time after making his contract with the contractor, and shall within sixty days after the completion thereof, cause a written notice of his claim " and the amount due or to become due thereunder, and when it became or will become due, to be personally served on the owner or agent, or the architect or superintendent having charge of the building or improvement, and his claim shall be a lien as against the owner

from the date of the service of such notice, so far as the owner may be indebted to the contractor at that time or may become indebted to him as such contractor thereafter." Section 34 enacts that " no petition shall be filed or suit commenced to enforce a lien created by sections 22 and 23 unless the same is commenced within four months after the time that the final payment is shown to be due the said contractor or party furnishing materials * * * by the notice served or given as provided in sections 25 and 26." The petition of Keefe set out as an exhibit a copy of the notice which he served under said section 25, and it stated " that there is now due on or about $660.70." The cross-petition of the Churchill Company set out as an exhibit a copy of the notice which it served under said section 25, and it stated "that there is now due $129.76." Neither of said notices stated when these amounts became due. The statement that there was now due " on or about" a certain sum can not be construed into a statement that it became due at the time the notice was dated or served. The same words could have been used with equal truth if the notice had been given one, two or three months later. Under section 34, the time when the final payment is shown to be due by the notice served under section 25 becomes material in fixing the time within which the party has a right to commence a suit to enforce the lien. The rule established under former mechanic's lien laws, that they are to be strictly construed, and that the party seeking to enforce such a lien must bring himself strictly within the terms of the statute, has been by our Supreme Court applied with equal firmness to the mechanic's lien act of 1895, notwithstanding the language of section 41 thereof, that the latter act shall be construed as a remedial act. (Freeman v. Rinaker, 185 Ill. 172.) It is no excuse for a failure to comply with the provisions of the statute that the party notified either knows the actual facts or has other means of ascertaining what they are. (May Brick Co. v. General Eng. Co., 180 Ill. 535.) The notices in this case were defective in not stating when the sums became due, and by reason of such

defect we are of opinion that they did not confer upon petitioner and cross-petitioner, respectively, a right to a lien. Therefore the demurrers were properly sustained. The decree is affirmed.