## Hindert Bros. v. American Trust and Savings Bank et al.

100    85
a198s 538,

1. MECHANICS' LIENS—*Materials Furnished Under Verbal Contracts.* —Under section six of the mechanic's lien law of 1895, where materials are furnished under a verbal contract, no lien attaches unless such materials are furnished within one year from the date of the contract, and the final payment is to be made within such time.

2. SAME—*Work Done and Materials Furnished Under Written Contracts.*—Under the mechanic's lien law of 1895, where work is done or materials furnished under a written contract, no lien attaches, if the

time stipulated for the completion of the work or furnishing materials is beyond three years from the date of the contract, or the time of payment beyond one year from the time stipulated for the completion thereof.

3. SAME—*Verbal Contracts Not Aided by Implication.*—Under the mechanic's lien law, where a contract for work or materials is verbal and no time is expressed for its completion, the law will not imply any time, under such circumstances.

4. SAME—*Strict Construction of the Law.*—The remedy by mechanic's lien, is cumulative to the ordinary remedies given by the common law, and is a privilege enjoyed by one class of the community above all others. A party seeking to avail himself of such privilege must bring himself strictly within the terms of the statute. Nothing can be inferred in his favor, but the law must be strictly construed, notwithstanding the fact that section 41 of the act of 1895, (Laws 1895, 242,) declares it to be remedial in character.

Intervening Petition, for a mechanic's lien. Appeal from the Circuit Court of Woodford County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed January 24, 1902.

J. A. RIELY, attorney for appellants.

GEO. W. WALL, attorney for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

The American Trust & Savings Bank filed its bill to foreclose a mortgage or trust deed, given by the Chicago & Minonk Coal and Tile Co., a corporation engaged in mining and manufacturing tile at Minonk, Illinois.

The property mortgaged consisted of a coal shaft, tile factory, farming lands and other property in the vicinity of Minonk. The complainant in the foreclosure proceeding obtained a decree of foreclosure for $82,630.78. Hindert Bros. asked and obtained leave to file their intervening petition to enforce a mechanic's lien against part of the property involved in the foreclosure proceedings. The American Trust & Savings Bank filed a demurrer to the petition of Hindert Bros. for a mechanic's lien. The court sustained the demurrer and dismissed the petition for want of equity.

The intervening petitioners bring the case to this court

by appeal to reverse the decree of the Circuit Court dismissing their petition for want of equity. The question is, does the petition state such facts as would entitle the petitioners to a mechanic's lien? The demurrer admits all facts well pleaded. The petition avers that on the 28th day of April, A. D. 1900, the said Chicago & Minonk Coal and Tile Co. made a verbal contract with Hindert Bros. to furnish nails, oils, hardware and other building materials to be used for the purpose of, and in building, constructing, altering and repairing the said coal shaft and buildings then on or about to be built, constructed and erected on said premises. That no date was fixed for the final delivery of said materials, but it was implied that Hindert Bros. were to complete the delivery of the same within a reasonable time thereafter, to wit, within one year thereafter; and that the Chicago & Minonk Coal and Tile Co. was to pay Hindert Bros. the usual and market price for said materials, and that a statement of the materials so furnished was to be rendered each month by Hindert Bros. to the Chicago & Minonk Coal and Tile Co., and no express time was made as to time of payment, but it was implied that if the payment was not made at the time, a statement of account should be rendered each month; that payment should be made within a reasonable time thereafter, to wit, within one year from said 28th day of April, A. D. 1900.

Substantially the same allegations are in appellants' statement for a lien filed in the circuit clerk's office, a copy of which is attached to and made a part of the intervening petition.

Section 6 of the mechanic's lien law of 1895, now in force, provides that if work is done or materials are furnished under a verbal contract, no lien shall be had by virtue of the statute unless the work shall be done or materials furnished within one year from the date of the contract, and the final payment therefor is to be made within such time; and if the contract be written, no lien shall be had by virtue of the act, if the time stipulated for the completion of the work or furnishing materials is

beyond three years from the date of the contract, or the time of payment beyond one year from the time stipulated for the completion thereof.

Under the mechanic's lien laws of 1861 and 1874 it was held that where the contract contained no provision as to time there was an implied agreement as to time, and if the work was actually done within one year the contractor could have a lien; but such decisions were all based upon the provisions then in force, which provided for a lien where the contract was implied, or partly implied and partly expressed. Those provisions, however, in relation to implied contracts, or contracts partly implied and partly expressed, are omitted from the act of 1895.

In view, therefore, of the language of the section of the act of 1895 and of the construction given by the Supreme Court to similar language in the act of 1845, it can not be said that, because no time was expressed in the contract between the parties, a reasonable time should be implied. If the contract be expressed as distinguished from implied, and no time was agreed upon for the completion of the work, the law can not imply any time for completion under such circumstances.

The remedy by mechanic's lien is cumulative to the ordinary remedy given by the common law, and is a privilege enjoyed by one class of the community above all other classes; and a party seeking to avail himself of such privilege must bring himself strictly within the terms of the statute. Nothing can be inferred in his favor, but the law must be strictly construed, notwithstanding the fact that the language of section 41 of the act of 1895 declares it to be remedial in character. May Brick Co. v. General Engineering Co., 180 Ill. 535; Freeman v. Rinaker, 185 Ill. 172.

The petition of appellants was fatally defective because it failed to show that by the terms of the contract the materials were furnished within one year from the date of the contract, and that the final payment therefor was to be made within such time. The demurrer was properly sustained and the decree of the Circuit Court is affirmed.