### Samuel Richardson v. Central Lumber Company.

#### Gen. No. 10,799.

### E. Hill Turnock, et al., v. Samuel Richardson.

#### Gen. No. 10,798.

#### (Consolidated Cases.)

1. CLAIM FOR LIEN—*when, cannot be amended.* A claim for lien which does not comply with the statute cannot be amended so as to apply to one becoming a purchaser of the premises sought to be charged with the lien after the original contract was made.

2. ARCHITECT—*when, not entitled to lien.* An architect whose compensation is based upon a percentage of the actual cost of the buildings (payment to be made thereon as the work progresses with final payment at a stipulated time after the completion of the drawings and specifications), is not entitled to a lien until after the completion of the buildings, notwithstanding the time fixed for such final payment may have elapsed, inasmuch as the cost of such buildings cannot be definitely ascertained until their completion. and therefore the amount of his compensation cannot be accurately fixed until such time.

Mechanics' lien proceeding. Appeal from the Superior Court of Cook County; the ·Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed in one case and affirmed in the other. Opinion filed February 13, 1904.

**Statement by the Court.** Appellee, the Central Lumber Company, filed, April 13, 1900, its petition for a mechanic's lien setting up a verbal contract, in and by which, as it is stated, appellee on or about December 7, 1898, agreed to furnish lumber and building materials to appel-

Richardson v. Central Lumber Co.

lant's grantors as said parties should from time to time order and direct. The contract and the material furnished are described in a statement of claim for lien, sworn to by appellee's agent, and filed in the office of the clerk of the Circuit Court August 16, 1899. Said statement of claim states that the lumber and materials in controversy were furnished under a verbal contract made December 7, 1898, between appellee and one Carl G. H. Anderson (then owner of the premises), in and by which it was agreed that appellee should furnish such lumber and building materials for the building described, the same to be paid for on the last delivery of the last installment; that all of said lumber and material was delivered on the dates and in the amounts as stated, and the last installment was delivered April 27, 1899; that the prices set forth were those agreed upon between the parties, and the material so furnished was used in the construction of the building upon the premises described; and that there was due appellee the sum of $547.13, for which appellee claims a lien on said premises.

By an answer in the nature of an intervening petition, the claim of E. Hill Turnock, an architect, is set up, and it is claimed that said Anderson, the then owner, applied December 15, 1898, to said Turnock and ordered plans, drawings and specifications for two three-story flat buildings to be erected on said premises; that at the time it was verbally agreed that said Turnock should furnish and perform said work within a reasonable time thereafter, not exceeding one year, and that payment therefor was to be made from time to time thereafter, final payment to be due in six months after said work was all finished and performed, not exceeding one year from the date of contract; that Turnock prepared said plans between December 15, 1898, and January 21, 1899, the last work having been done on the latter date; that the price agreed upon was to be 3½ per cent of the cost of the building, and that the cost of its construction was $9,000; that there is due Turnock $315, with interest from January 21, 1899, which is still unpaid; and that Turnock filed August 10, 1899, with

the clerk of the Circuit Court of Cook County, a statement of claim for lien against the premises in controversy.

. May 17, 1901, the Central Lumber Company filed an amendment to its bill, making an amended statement of its verbal contract. A demurrer to the amendment was overruled, and the defendant, Samuel Richardson, answered, showing that he became the owner of the premises in controversy by deed from said Anderson, dated July 21, 1899, filed for record July 22, 1899, before the lien claim was filed, and that he is still such owner.

A decree was entered in favor of appellee, the Central Lumber Company. The claim of Turnock for a lien was denied and his answer dismissed for want of equity.

Appellant Richardson appeals from the former decree, and Turnock prosecutes a separate appeal in his own behalf. The causes have been consolidated in this court and are considered together.

William S. Newburger and T. F. Monahan, for appellant Richardson.

Elmer H. Adams, for appellee, Central Lumber Company.

James Turnock, for appellants E. Hill Turnock, et al.

Mr. Presiding Justice Freeman delivered the opinion of the court.

It is urged on the part of appellant Richardson, that the statement of claim for lien filed by Central Lumber Company, appellee, is wholly insufficient to justify the enforcement of a lien against said appellant as a purchaser.

The statute provides that no contractor shall enforce the lien against or to the prejudice of a purchaser, as was Richardson, " unless within four months after the last payment shall have become due and payable according to the terms of the original contract, he shall either bring suit to enforce his lien therefor or shall file with the clerk of the Circuit Court of the county  *  *  *  against the owner, a claim for lien verified," etc.   R. S., chap. 82, sec. 21, section 7 of

the Lien Act. The original verbal contract as set up in the petition of Central Lumber Company does not state, as is required by section 6 of the Mechanic's Lien Act of 1895, when final payment was to be made, whether within one year from the date of contract or not. There was therefore nothing to show that the suit was brought or claim for lien filed " within four months after the last payment shall have become due and payable," as the statute requires. That statement of claim shows that the material was all furnished within a year from the date of contract, but not that the contract called for final payment to be made within that time.

By the amendment, however, to the petition of Central Lumber Company, which amendment was filed May 17, 1901, it is stated that in and by said verbal contract before referred to, it was further understood and agreed " that all of said materials should be delivered within four months from said 7th day of December, 1898, and that said building * * * should be completed within four months from said 7th day of December, 1898, and your orator was to be paid for said lumber and building materials to be delivered, when the same were so delivered." By this amendment a contract is set up which does provide for final payment within a year from the date of the contract.

As has been said, the statute requires, in order to enforce a lien against a purchaser, that " within four months after the last payment shall have become due and payable according to the terms of the original contract," either suit must be brought to enforce the lien, or a claim for lien shall be filed with the clerk of the Circuit Court. According to the amended statement of the contract, the final payment became due on the last delivery of the material, which was April 27, 1899. This suit was brought April 13, 1900, more than four months after the last payment became payable. But the claim for lien was filed with the clerk of the Circuit Court, August 16, 1899, which was within the required four months. As filed, the claim for lien did not comply with the requirement of the statute, (sec. 6 of Mechanic's

Lien Act) and although that statute expressly authorizes its amendment as to the owner " on the hearing of a suit to enforce the lien," it makes no such provision as to a purchaser. Such amendment was made in this case, but as it is not applicable to a purchaser as was Richardson after the original contract was made, what is said in May Brick Company v. General Eng. Co., 180 Ill. 535, 542, in a suit brought to enforce a lien under the act of 1874 as amended by the act of 1887, is in point, and no amendment can cure the defect. The decree in favor of the Central Lumber Company must be reversed.

The claim of the architect under the answer in the nature of an intervening petition was denied, and an appeal is prosecuted from that order. His verbal contract was that he was to be paid as the work progressed, final payment to be made six months from the completion of the drawings and specifications, which were completed January 21, 1899. The contract was made December 15, 1898. The price was to be three and a half per cent. on the cost of constructing the buildings. The buildings were not completed but were in course of erection when this cause was on hearing in the trial court. The architect was by this contract to be paid a percentage on the actual cost of the buildings, and that had not been stated and was not determined. Payment was to be made from time to time, which evidently means, as the work progressed. As the building was not completed, it was impossible to ascertain what would be the cost of the building and hence what compensation he would be entitled to under the contract. What is said in Freeman v. Rinaker, 185 Ill. 172, is clearly applicable, and the Superior Court did not err in sustaining the exception in that regard to the master's report.

We find no error in the decree denying the relief sought by Turnock as intervening petitioner, and as to him it must be affirmed.

*Reversed in one case and affirmed in the other.*