Moser Lumber, Inc., an Illinois Corporation, Plaintiff-Appellee, v. Edward F. Morgan and Elsie Morgan, His Wife, and W. D. Sanders Construction Company, an Illinois Corporation, Defendants-Appellants.

Gen. No. 68–115.

Second District.

February 25, 1969.

Orstrom, Johnson and Wherry, of Glen Ellyn, and Sundheim, Morgan and Sundheim, of Chicago, for appellants.

Donovan, Dichtl, Atten and Mountcastle, of Wheaton, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Edward F. Morgan and Elsie Morgan, defendants, as the owners of certain real estate, appeal from a decree foreclosing a mechanics' lien in the action brought by the Moser Lumber, Inc., plaintiff, as a materialman.

The issues presented are whether the plaintiff proved the delivery of the material; whether plaintiff served notice of mechanics' lien within sixty days following the completion of the last delivery; whether or not plaintiff is entitled to lien rights for labor; whether the defendant owners were entitled to a counterclaim (which was stricken by the court) ; whether the plaintiff materialman properly joined the general contractor as a party defendant; and whether the decree which enforced the lien against the owners solely was valid and enforceable.

The plaintiff called two witnesses to prove delivery. Walter D. Sanders, the general contractor, testified that he purchased the bulk of the lumber and other building materials from the plaintiff on an open account; that he had paid the plaintiff some money on account, and had

been billed by the plaintiff for a balance of $4,168.31 with which he had no disagreement.

Harold W. Lehman, the vice president of the plaintiff corporation, testified that his duties were to keep the records of the firm and exercise general supervision, and to arrange for the sale of supplies and material on credit, which he did with Mr. Sanders in August of 1963. He testified that records for open accounts on a given job were recorded by a Burroughs Sensimatic machine which records the date, the invoice number, the amount of debit or credit and the balance; recorded on ledger cards. In addition, there are seventy numbered invoices which describe the material subsequently delivered. Ledger cards do not record what material is involved, but the ledger cards do contain the invoice numbers. The invoices on the Morgan job represent lumber, millwork, hardware and labor, also including charges for the roofing contract and labor for installing the flooring and plywood. By examining the ledger card, Mr. Lehman testified, he could determine the dates on which the material was delivered, as a charge was not entered on the ledger card until material is delivered, and, therefore, to the best of his knowledge the material was delivered to the Morgan job as shown on the records. All of the invoices were marked sold to the contractor and addressed to the Morgan job location.

Plaintiff produced no witnesses who delivered any material to the Morgan job site or identified the signature or the person who signed approximately nineteen of the seventy invoices.

Defendants called Lehman as their own witness and on examination he testified to the furnishing of materials and the performance by Moser of labor on the Morgan job. Defendants also called their architect, Barclay, who testified to the installation of cedar shakes, entrances, flooring, a countertop and locks, and in addition referred to several of the material invoices by number.

Defendants offered no rebuttal testimony to show that the materials and labor were not incorporated in the home and did not deny that the balance claimed was not within the total contract price.

██ The amount of the lien decreed was $4,270.28. In order to sustain the lien, proof of delivery must be shown within the provisions of Ill Rev Stats 1967, c 82, § 7.[1] Under this section the materialman is relieved in the first instance, from the burden of proving that the materials actually entered into the construction of the building. Proof of delivery to the owner or his agent, or proof of delivery at the place where such building is being constructed would constitute proof prima facie of that fact. The owners are not precluded from rebutting by competent evidence the fact that the materials were delivered for the purpose of use in the construction of the building. Colp v. First Baptist Church of Murphysboro, 341 Ill 73, 79, 173 NE 67 (1930).

Defendants argue that the quality of the proof is insufficient to make a prima facie case. Defendants argue principally that the evidence of the register sheets and invoices are nothing more than proof of the state of the account between the plaintiff materialman and the general contractor; that there is no testimony by anyone who had anything to do with loading or unloading the plaintiff's truck; that there was no proof of who signed the receipted invoices, which in any event, were only a por-

---

[1] "7. Limitation as against third parties—Claim for lien—Errors—Proof of delivery sufficient—Separate lots or buildings. § 7. . . . nor shall any such lien for material be defeated because of lack of proof that the material *after the delivery thereof*, actually entered into the construction of such building or improvement, . . . *Provided, it is shown that such material was delivered either to said owner or his agent* for such building or improvement, to be used in said building or improvement, *or at the place where said building or improvement was being constructed,* . . . for the purpose of being employed in the process of construction . . . ." (Emphasis supplied.)

343

tion of the total invoices; and that the testimony as to the major items which went into the house offered no proof as to the remaining items inasmuch as a substantial part of the cost had been paid.

■ While we agree that the quality of the proof of delivery was minimal, we hold that it was sufficient to prove a prima facie case of delivery by proof of established business practices which was sufficient to establish the lien in view of the lack of any evidence to show that the material was not used in the building.

We also find no merit in defendants' argument that plaintiff failed to serve the notice of mechanics' lien within the sixty days, after delivery of the final material to the job, under section 24 of the Mechanics' Lien Act (Ill Rev Stats 1967, c 82, § 24). While this argument is based on the fact that there were a number of small items delivered to the job after the owners had moved in upon substantial completion of the home, it appeared that all of the items delivered were sold to the general contractor, Sanders, ostensibly at his request. While defendants suggest that there was a conspiracy between the general contractor and the plaintiff to avoid the effect of the notice provision, there is no evidence in the record to this effect, as defendants also concede in their argument. This case is distinguishable from the case cited by plaintiff, Lyon & Sons Lumber & Mfg. Co. v. Ellis, 33 Ill App2d 398, 178 NE2d 407 (1962), where not only was the price of the item obtained by the contractor only sixty-eight cents, but also, and more importantly, the item was refused by the owners and under the circumstances the contractor was not the owners' agent in the transaction.

■ Defendants also urge error in the inclusion of lien rights for labor performed. They argue that the complaint refers only to materials and supplies, and that even though the testimony of the witness, Lehman, allegedly referred to the labor involved as shown on various invoices, there was a fatal variance between the proof and

344

the pleading. However, the mechanics' lien notice attached to the complaint and made a part of it does refer to labor. There is no showing that defendants have been materially or substantially injured or prejudiced by the claimed variance between the plaintiff's proof and pleading and within the rule that pleadings should be liberally construed, we find no merit to this claim of error. Fitzgerald v. Van Buskirk, 96 Ill App2d 432, 437, 239 NE2d 330 (1968); De Anguera v. Arreguin, 92 Ill App2d 381, 384, 234 NE2d 808 (1968).

■ We believe, however, that the court erred in striking the defendants' counterclaim against the plaintiff, and that the case must be remanded for a trial on the merits of the counterclaim. It appears that a substantial portion of plaintiff's proof is for labor and material for roofing and flooring which the plaintiff had subcontracted to two different contractors. The Morgans filed a counterclaim against the plaintiff for the damages resulting from alleged improper workmanship with respect to the roof and the flooring. The plaintiff filed a motion to dismiss the counterclaim on the grounds that the plaintiff did not perform the work associated with the roof and the flooring, but rather that it was contracted to two independent contractors. It would be grossly inequitable for the plaintiff to accept the benefit of the work of its independent contractors, sue for a lien based on such work, and yet be insulated from a claim for negligent performance of the work.

The parties have considered the issue in context of cases involving personal injury claims by a third person against an employer's independent contractor. Plaintiff cites authorities for the rule that he is not liable in tort for the negligence of the independent contractors (e. g. Hulke v. International Mfg. Co., 14 Ill App2d 5, 32–33, 142 NE2d 717 (1957)), and that defendants should have set off the alleged damages against Sanders, the general contractor. Defendants rejoin with authorities for the

proposition that plaintiff, in seeking a lien for the work done by the independent contractor, elected to treat that work as its own and thereby ratified and became answerable for damages (e. g., 41 Am Jur2d 36, page 796; and see Colbert v. Holland Furnace Co., 333 Ill 78, 81, 164 NE 162 (1928) cited therein).

We perceive some difficulties in engrafting these rules on mechanics' lien proceedings. However, in principle, the purport of the cited cases is to place the burden of answering for damages upon the party who has ratified and taken the responsibility and benefit of the work of the independent contractor. That principle should be applied here in the same manner as if the independent contractor had assigned its claim to plaintiff, subject to the defenses against it.

Nor do we believe that the counterclaim must be alleged against the general contractor where it appears, as it does here, that the general contractor has not been paid for the balance of the contract, which balance is substantially in the amount of the lien claimed by the plaintiff. The policy of the mechanics' lien statute favors the expeditious disposition of all of the various interests of the parties and this policy is best accomplished by requiring the plaintiff to answer the defendants' counterclaim. Park Ave. Lumber v. Nils A. Hofverberg, Inc., 76 Ill App2d 334, 222 NE2d 49 (1966); Anderson v. Gousset, 60 Ill App2d 309, 208 NE2d 37 (1965).

In aid of the court on remand, we will consider the remaining claims of error.

Defendants urge that the court erred in permitting plaintiff to amend its complaint by adding Walter D. Sanders as an additional party defendant, individually, after the case had been closed. The suit had made W. D. Sanders Construction Company, an Illinois Corporation, a defendant, and the case had proceeded in that manner. At the time of the amendment, which the court permitted, more than two years had elapsed from the completion of

the last work alleged and the defendants claim that the amendment should have been barred under the provisions of Ill Rev Stats 1967, c 82, § 9. The defendants make the additional claim that the court should have dismissed the suit in that the Mechanics' Lien Act requires that both the contractor and the owner jointly must be made parties to the suit under the provisions of Ill Rev Stats 1967, c 82, § 28.[2]

While the plaintiff cited section 46(1) of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 46) as the grounds for the amendment rather than the then Section 46(4), which is the proper paragraph, we believe that the court's exercise of discretion was proper under the record. On the record, the court could properly find that the failure to join Sanders in his individual capacity was "inadvertent" as that term is used in the statute. De Anguera v. Arreguin, supra; Silver v. Lee Shell Equipment Corp., 31 Ill App2d 266, 270, 175 NE2d 287 (1961).

Defendants' last claim of error is that the decree is void because the judgment is not against the owners and general contractors jointly, which they argue is required by section 28 of chapter 82 (supra). While conceding that the decree does not name Sanders, or make any provisions against him, the plaintiff argues that section 28 has no application where, as here, plaintiff seeks only a lien and does not seek to secure a money judgment. Plaintiff suggests that where the subcontractor seeks to establish a lien only, that the provisions which cover an action by a general contractor become applicable. Neither of the parties cite any cases or authorities in support of their contentions.

---

[2] "28. Claim for lien—Suits—Limit as to time—Manner. § 28. . . . All suits and actions by sub-contractors shall be against both contractor and owner jointly, and no decree or judgment shall be rendered therein until both are duly brought before the court . . . . All such judgments, where the lien is established shall be against both jointly, . . . ."

In Culver v. Elwell, 73 Ill 536 (1874), a decree, in a proceeding by a subcontractor, without any finding or judgment as to the original contractor, who was in the suit, was declared erroneous. The court stated, on page 539:

> "Another point made by appellant is, that the verdict and decree are not in conformity with the statute. Section 7 of the act provides that the decree shall be entered against the owner and the original contractor. Both the defendants were duly served with process, and both in court to receive its judgment, yet we find no verdict, judgment or decree against Lockman, the original contractor, who was the real debtor of these claimants, nor was he dismissed out of the case.
>
> " . . .
>
> "It is reasonable, that on a contract for work to be completed by a time certain, and for default thereof, the owner should have damages at a certain rate per day, until the work was completed. The owner should be entitled to retain this sum as against the claim of a subcontractor. As we understand it, the money which may remain in the hands of the owner, after all the deductions to which he is entitled are made, is the fund out of which the subcontractors are to be paid, and is the only fund. This has not been found by the jury or by the decree. Neither of them shows how much, after all proper deductions, was due from appellant to the original contractor. This is indispensable."

In O'Brien v. Gooding, 194 Ill 466, 474, 475, 62 NE 898 (1902), the court held that section 29 of the Mechanics' Lien Act of 1895 (now, substantially, section 28 as referred to herein) refers to subcontractors only, and the suits and judgment therein mentioned must be brought and rendered against both the owner and the

348

contractor jointly to be of effect. Though in some sense the subcontractor may have his suit governed by the rules applicable to original contractor's suits, he must still comply with Section 28 of the Mechanics' Lien Act. See Love, Illinois Mechanics' Liens, 2nd Ed § 133, page 390.

It is recognized that in a situation where no personal decree can be secured against the original contractor, a decree for foreclosure of a mechanics' lien without personal judgment against the owner, as in this case, can stand. Mueller Lumber Co. v. Bollinger, 160 Ill App 402, 406–407 (1911). However, in the case before us, there is no situation similar to Mueller. Here the original contractor entered his personal appearance and there was no finding that a judgment against him would be unavailing.

We, therefore, reverse and remand for further proceedings in accordance with this opinion.

Reversed and remanded with directions.

MORAN, P. J. and DAVIS, J., concur.