FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, Plaintiff-Appellee, v. JOHN T. CONNELLY et al., Defendants-Appellants.

First District (4th Division)    No. 81-1702

Opinion filed June 3, 1982.

Dennis G. Kral, Ltd., of Chicago, for appellants.

Liebling & Hauselman, of Chicago (Martin F. Hauselman and Patricia O'Brien Norum, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:
The validity of a claim filed under the Illinois Mechanics' Lien Act on multiple parcels of property is the subject of this action. (Ill. Rev. Stat. 1979, ch. 82, par. 7.) The trial court on the pleadings found the claim invalid and subordinated it to that of the mortgagee, First Federal Savings & Loan Association.

This litigation began when First Federal filed a mortgage foreclosure action against John T. Connelly to foreclose on a four-unit apartment building located at 15647 Greenwood, Dolton, Illinois. Henry B. Rossi, Jr., d/b/a Kensington Carpet & Rug (Rossi), was named a defendant. Rossi filed an answer and a counterclaim seeking a declaration that his mechanics' lien had priority over the lien of the mortgagee, First Federal.

On January 15, 1980, approximately six months before First Federal filed this foreclosure action, Rossi entered into an oral agreement with Connelly to supply and install carpeting in four apartment buildings. The property involved in this action, an apartment building at 15647 Greenwood, was one of these parcels. Rossi installed the carpet as one contract for a total cost of $12,102.

Rossi alleged he completed the entire installation in the four buildings on March 15, 1980, and then requested payment from Connelly. When payment was not forthcoming, Rossi filed a mechanics' lien statement on June 3, 1980, less than three months after the completion of the contract, one month before the plaintiff instituted the foreclosure action and six months after the contract.

The specific language of Rossi's filing statement is relevant here. Rossi listed the four buildings separately as follows:
> "1521 Berg Dr., Dolton, Illinois
> 1527 Berg Dr., Dolton, Illinois
> 15641 Greenwood, Dolton, Illinois
> *15647 Greenwood, Dolton, Illinois.*"
(Emphasis added.)

Below this listing, Rossi inserted the following information: that "on or about Jan. 15, 1980," he had made a contract with John T. Connelly to "install wall-to-wall carpeting for the sum of $12,102," and that "on or about Mar. 15, 1980 * * * all work required namely delivery and installa-

tion of said wall-to-wall carpeting" was completed. In this statement, Rossi did not specify the exact date of completion for each separate building or apportion the costs between the four buildings. Thus, there is no specific completion date for the work done on 15647 Greenwood or the specific amount of the lien on this particular building.

First Federal then filed a motion to have Rossi's mechanics' lien declared subordinate to their mortgage because of defects in the mechanics' lien including a failure to partition the cost between the buildings and a failure to provide completion dates for each building. The trial court concluded that Rossi's claim for a lien did not satisfy the filing requirements of the Illinois Mechanics' Lien Act (Ill. Rev. Stat. 1979, ch. 82, par. 7) and entered an order adjudicating Rossi's lien subordinate and inferior to First Federal's first mortgage.

The pertinent language of section 7 of the Illinois Mechanics' Lien Act is summarized and paraphrased below:

No contractor shall be allowed to enforce a lien against or to the prejudice of any encumbrancer, unless within "4 months" after completion, he shall file a claim for a lien verified by an affidavit consisting of a "brief statement of the contract," "the balance due" and "a sufficiently correct description of the lot, lots or tracts of land to identify the same." "In the event the contract relates to 2 or more buildings on 2 or more lots or tracts of land, then all of these buildings and lots or tracts of land may be included in one statement of claims for a lien."

Two issues are presented for review. The first issue is whether the trial court erred in adjudicating Rossi's mechanics' lien subordinate and inferior to First Federal's first mortgage. The second issue is whether the trial court erred in denying Rossi an equitable lien priority against First Federal.

Rossi argues that his lien is not defective because he complied with the exact requirements set out in the statute. Specifically, he filed his claim for a lien within four months after completion of the work. His verified affidavit consisted of a brief statement of the contract, the balance due and what Rossi contends is a sufficiently correct description of the lots to "identify the same"; i.e., the specific address of each building involved in the claim. As the statute allows, he included his claims for liens against each separate building in one filing statement.

First Federal argues, and the trial court agreed, that judicial construction of section 7 as it relates to a single filing involving multiple parcels has added two additional requirements which must be adhered to if a lien claimant is to successfully enforce a mechanics' lien against a prior encumbrancer. One requirement is that the lien claimant disclose the exact date of the completion of the work on each parcel, and the other re-

quirement is that the lienor must apportion the cost of the work on each parcel and include this information in the statement. First Federal cites *Schmidt v. Anderson* (1911), 253 Ill. 29, 97 N.E. 291.

In *Schmidt*, a blanket lien was filed on four parcels of property. As in the instant case, the lien did not specify when the work was completed or apportion the amount claimed as to each parcel. In *Schmidt*, the work on three of the parcels had been completed over six months before the blanket lien was filed and thus outside the four-month statutory period for filing such claims. The work on the fourth parcel had been completed and the lien filed within the necessary statutory period. However, even though the fourth lien was still viable as a matter of fact, the court declared the blanket lien defective as it related to all four parcels.

*Schmidt* decided two issues. First, the court held that mechanics' lien claims are to be filed within four months of their completion and that by virtue of this blanket lien provision a lien claimant may not bootstrap an otherwise invalid lien into becoming a valid lien. The court's second finding relates more directly to the instant case because the court invalidated a lien filed within four months in a blanket lien situation. The court reasoned that third persons dealing with the property should have notice of the existence, nature and character of the lien in order to correctly determine whether such a claim could be enforced. The court stated that a lien could not be enforced if it did not contain data on the apportionment of cost to each parcel or specify when the last work was performed on each of the parcels involved.

Rossi argues that *Schmidt* is factually distinguishable from the instant cause because in *Schmidt* the blanket lien included viable and stale claims. Rossi contends that his blanket lien only covers viable claims properly filed within the four-month statutory period.

Although *Schmidt* is factually different than the instant case for the reasons stated by Rossi, it is not legally distinguishable. Rossi does not state and we do not see a rationale that supports a legal distinction. The rationale in *Schmidt* is that a third person dealing with the property should be able to learn from looking at the lien whether a lien exists and in addition the nature and character of the lien. (*Schmidt v. Anderson* (1911), 253 Ill. 29, 32, 97 N.E. 291, 292.) Such information is implicit in liens dealing with single parcels of property. An examination of a blanket lien, such as Rossi's, would not reveal to a third person whether the lien includes stale claims or the amount that could be apportioned to each parcel that has a viable claim on it. Thus, a potential purchaser or mortgagee would be unable to determine from a blanket lien such as Rossi's, which does not give a completion date and apportion the cost to each parcel, the existence, nature or character of the lien and consequently would not be able to pay the lien or provide an escrow for it. See

*In re Phillips Construction Co.* (N.D. Ill. 1977), 434 F. Supp. 26, *rev'd on other grounds* (7th Cir. 1978), 583 F.2d 290.

Rossi's second contention on appeal is that the trial court was in error when it failed to grant him an equitable lien priority on any proceeds from the sale of the building. We believe the law in Illinois is clear that lien rights created by the Mechanics' Lien Act are entirely governed by the Mechanics' Lien Act and not by the rules of equity jurisdiction. Therefore, no equitable lien will apply if the lienor fails to perfect his mechanics' lien. *Wingler v. Niblack* (1978), 58 Ill. App. 3d 287, 374 N.E.2d 252; *Hill Behan Lumber Co. v. Marchese* (1971), 1 Ill. App. 3d 789, 275 N.E.2d 451.

For the above reasons the decision of the trial court is affirmed.

Affirmed.

JOHNSON, P. J., and ROMITI, J., concur.