FEDERAL SAVINGS & LOAN INSURANCE CORPORATION, etc., Plaintiff and Counterdefendant-Appellee, *v.* AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Trustee, *et al.*, Defendants—(John Rendina Construction Corporation, Defendant and Counterplaintiff-Appellant).

First District (3rd Division)  Nos. 82—171 through 82—175 cons.

Opinion filed May 25, 1983.

DiMonte & Lizak, of Chicago (Alan L. Stefaniak and Eugene A. Di-Monte, of counsel), for appellant.

Stanley M. Cahn and Susan E. Woods, both of Chicago, for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

This consolidated appeal arises from orders of the trial court granting the motions of plaintiff Federal Savings and Loan Insurance Corporation for judgment on the pleadings and summary judgment against defendant John Rendina Construction Corporation and denying Rendina's motion to reconsideration.

On July 28, 1980, plaintiff initiated this action by filing separate mortgage foreclosure suits on five residential lots located in Bartlett, Illinois, against American National Bank and Trust Company of Chicago, as trustee for the Bergson Company, the beneficiary and developer-builder of the subdivision. Rendina was named as a defendant because of a single mechanics' lien claim filed on January 14, 1980, relating to these lots. In this lien claim Rendina stated that on September 14, 1979, it entered into a contract with Bergson to furnish materials and services for the maintenance and repair of sewer and water facilities, that it completed the work on September 26, 1979, and that it was still owed $6,687.56.

On October 27, 1980, Rendina filed an amended claim stating that in June 1979, it had entered into a contract with the trustee to furnish labor and materials for the maintenance and repair of sewer and water facilities "which are appurtenances to the SUBJECT PREMISES, connected therewith and located under the street adjoining the SUBJECT PREMISES," that it completed the work on January 10, 1980, and that it was still owed $9,941.36. Rendina filed an answer to plaintiff's complaint and also filed a counterclaim seeking a declaration that its mechanics' lien claim have priority over plaintiff's mortgage based upon Rendina's amended claim for lien.

Plaintiff filed identical motions for judgment on the pleadings on its complaint to foreclose and for summary judgment against Rendina on the latter's counterclaim. Plaintiff claimed priority and superiority of its mortgage over Rendina's lien claim on the ground that Rendina's amended lien claim which superseded the original lien claim set forth a completion date of January 10, 1980, but this claim was

not filed until October 27, 1980, well after the statutory filing period had expired and was therefore untimely. Plaintiff also maintained that Rendina, in both its original and amended claims, filed a single claim against multiple properties without allocating the date of completion and the amount attributable to each lot as required by the Mechanics' Liens Act (Ill. Rev. Stat. 1979, ch. 82, par. 1 *et seq.*). At the same time that the trial court granted plaintiff's motion for judgment, it denied Rendina's motion for summary judgment.

On appeal Rendina contends that its amended claim for a mechanics' lien relates back to the filing of its original claim and therefore was timely, that it was not required to allocate costs attributable to each lot to preserve its lien under the Act, and that allocation was either impossible or impracticable.

■ We first address Rendina's contention that its original mechanics' lien claim can be amended by an amended claim filed after the statutory filing period has expired and that such amendment relates back to the date of filing the original lien claim, thereby complying with the filing period requirement.

Section 7 of the Act sets forth the prerequisites necessary to enforce one's lien against third parties and owners. As against a third party, within four months after completion of the work the contractor must either file a claim for lien with the recorder of deeds or bring an enforcement suit against the third party. The lien claim must be verified and contain a brief statement of the contract, the balance due and a description of the property upon which the lien is asserted. As to the owner, the lien claim must be filed within two years of completion of the contract and the claim for lien "as to such owner may be amended at any time before the final judgment." Ill. Rev. Stat. 1979, ch. 82, par. 7.

Although the express amendment provision in section 7 relates to owners, Rendina argues that it may be extended so as to permit amendment to a party such as plaintiff, a construction lender encumbrancer. We do not agree. By explicitly providing for amendments to lien claims against owners, under the traditional rule of statutory construction the statute implicitly precludes amendments as to all other parties. Thus, Rendina's attempted amendment to its lien claim against and to the prejudice of plaintiff, an undisputed third-party encumbrancer, is not permitted under the Act. *Richardson v. Central Lumber Co.* (1904), 112 Ill. App. 160.

■ Moreover, were we to accept Rendina's argument that mechanics' lien claims may be amended as to all parties despite the apparent legislative intent to the contrary, Rendina's lien claim fails

nonetheless because its amendment was filed after the statutory period expired. The purpose of the four-month filing requirement is to give third parties dealing with the property notice of the existence, nature and character of a lien and thus enable third parties to determine from the claim itself whether the lien is enforceable. (*Schmidt v. Anderson* (1911), 253 Ill. 29, 97 N.E. 291; *First Federal Savings & Loan Association v. Connelly* (1982), 107 Ill. App. 3d 298, 437 N.E.2d 742.) In the present case, one of the errors Rendina attempted to correct in its amended lien claim was the contract purpose. Rendina originally stated that the purpose of the contract was to provide material and services for a sewer and water system. In its amended claim, Rendina asserted that this sewer and water system is an appurtenance to each lot described and is connected with and located under the street adjoining each lot. As the claim originally recited, Rendina did not qualify as a contractor pursuant to section 1 of the Act because the work provided was wholly disconnected from the buildings on the lots against which it asserted its lien, and Rendina therefore was not entitled to a lien. (*Cronin v. Tatge* (1917), 281 Ill. 336.) Consequently, Rendina's original lien claim was technically unenforceable. Even though this defect went unnoticed by plaintiff until Rendina amended its claim, a ruling allowing the untimely amended claim to relate back to the date of filing the original claim to cure the defective claim would serve only to undermine the purpose of the filing requirement, that of giving notice of the nature and extent of the lien to third parties. The enforceability of a lien could no longer be ascertained from statements made in the lien claim itself, for such statements would always be subject to amendment or, as in this case, subject to subsequent validation, to the prejudice of third parties. Hence, the trial court's rulings are supported by both the express language of the Act and the purpose of mechanics' lien enforcement prerequisites as to third parties contained therein.

Rendina argues that if the amended claim is not allowed to relate back, it is being penalized for being honest. Rendina maintains that had it pleaded its claim as originally filed and subsequently proved its claim as set forth in its amended claim, it would have asked and have been granted leave to amend its pleadings to conform to the proof. This contention has been rejected by our supreme court. (*May, Purington & Bonner Brick Co. v. General Engineering Co.* (1899), 180 Ill. 535.) The *May* court held that a pleading based on a lien claim could not be amended to remedy a defective claim, stating that "[n]othing could cure the error in the claim filed *** within the time prescribed by the statute." (180 Ill. 535, 542.) While our result effec-

tively denies Rendina any rights in the property foreclosed by plaintiff, it is the result of Rendina's failure to comply with the statutory requirement that the claim it seeks to enforce be filed within four months of the work completion date.

The decisions in *Douglas Lumber Co. v. Chicago Home for Incurables* (1942), 380 Ill. 87, 43 N.E.2d 535, and *Moser Lumber, Inc. v. Morgan* (1969), 106 Ill. App. 2d 339, 245 N.E.2d 310, relied upon by Rendina, are distinguishable from the present case. Neither involved an attempted amendment of a lien claim, nor was a third party prejudiced.

In light of our holding we need not address Rendina's contention that allocation of its mechanics' lien claim was not required. Nevertheless, we agree with the trial court's ruling to the contrary.

■■ Section 1 of the Act grants a contractor whose contract relates to several buildings on separate lots a lien upon "all such lots" for the amount due. (Ill. Rev. Stat. 1979, ch. 82, par. 1.) Section 7 allows this contractor to include all of these buildings and lots in a single lien claim, a blanket lien claim. When a contractor files a blanket lien claim, however, in addition to complying with the express third-party lien enforcement requirements enunciated earlier in this decision, to preserve and enforce this lien against third parties, the contractor must specify in this claim the proportionate amount of the lien claimed for each lot and the work completion date for each lot. *Schmidt v. Anderson; First Federal Savings & Loan Association v. Connelly; Dougherty-Janssen Co. v. Danage Enterprises, Inc.* (1980), 80 Ill. App. 3d 1112, 400 N.E.2d 1023; *In re Phillips Construction Co.* (N.D. Ill. 1977), 434 F. Supp. 26, *rev'd on other grounds* (7th Cir. 1978), 583 F.2d 290.

These additional enforcement requirements are imposed to effectuate the purpose of section 7's third party filing requirements, for without apportionment third parties could not determine whether and to what extent a particular building is encumbered and without specification of the date of completion for each parcel of property, the four month filing limitation period is useless. *Schmidt v. Anderson; In re Phillips Construction Co.; First Federal Savings & Loan Association v. Connelly.*

■■ Rendina argues that the cases imposing the allocation requirement are factually distinguishable because in those cases material or labor was furnished for the construction of several buildings on different, specific parcels of property. Rendina claims that here it did not furnish material and labor to specific lots, but rather that it furnished material and labor to repair an integrated sewer and water system

"that services an entire subdivision, is an appurtenance to all lots, benefits all lots and is underneath all of the streets of the subdivision." Rendina maintains therefore that it need not allocate. We do not agree. If, as Rendina claims, the integrated system is an appurtenance to and benefits every lot in the subdivision, then it necessarily follows that Rendina in servicing the system furnished material and labor to and for the benefit of each and every lot in the subdivision. Hence, we fail to see any valid distinction between Rendina's blanket lien claim and those cases cited above in which the courts required allocation prior to the enforcement of the blanket lien claims against third parties.

Rendina also seeks to distinguish the decisions requiring allocation on the ground that they were decided under section 7 while its contract falls within the express provisions of section 1 which it argues gives Rendina a lien upon each of the lots involved for the full amount. Section 1 grants a contractor such as Rendina a lien upon "all lots" included in the contract for the amount due and not upon any of the lots as urged by Rendina. Moreover, to enforce this lien against third parties such as plaintiff, Rendina must comply with the express and judicially imposed requirements of section 7. Rendina could have allocated by dividing its total claim by the total number of lots in the subdivision, by apportioning its claim based on front lot footage measurements of the homes in the subdivision or by choosing any other suitable method. Instead, Rendina chose to charge fewer than all the lots benefited by Rendina's work with the total contract price to the prejudice of third-party encumbrancers of such lots. Allocation was required and possible.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and WHITE, JJ., concur.