HENRY SCHMIDT *et al.* Appellees, *vs.* SWAN A. ANDERSON
*et al.* Appellants.

*Opinion filed Dec. 21, '11—Leave to file petition denied Feb: 9, '12.*

1. STATUTES—*statutes should be so construed, if possible, as to give all parts a meaning.* Statutes should be so construed as to give all parts a reasonable meaning if it is possible to do so.

2. SAME—*Mechanic's Lien statute must receive strict construction.* Mechanic's liens exist only by virtue of statutes creating them and providing for their enforcement, and such statutes must be strictly construed with reference to the requirements on which the right to a lien depends.

3. MECHANICS' LIENS—*purpose of amendment of 1903 of sections 1 and 7 of Mechanic's Lien law.* The purpose of the amendment of 1903 of sections 1 and 7 of the Mechanic's Lien law was to permit a contractor to file one claim against separate buildings on lots which are not adjacent to or adjoining each other, provided the work was done or material furnished for all of such buildings under one entire contract.

4. SAME—*purpose of requiring a claim to be filed within stated time.* The purpose of the provision of the Mechanic's Lien law requiring a claim for lien to be filed within a stated time is to notify third persons dealing with the property of the existence, nature and character of the lien as well as the times when the material was furnished and labor performed, thus enabling them to determine from the claim itself whether it can be enforced.

5. SAME—*when claim against buildings on non-adjacent lots must be filed.* Where work is done and materials are furnished under one entire contract for buildings upon lots not adjoining or adjacent to each other the claim for lien must be filed within four months after the work is performed or the material is furnished for each of the buildings, and a claim for lien filed within four months after the completion of the last building is not good as to buildings on which the last work was done or materials furnished more than four months before the claim was filed, if the rights of third persons have intervened.

6. SAME—*when claim for lien against several buildings cannot be enforced at all.* A claim for lien against several buildings on lots not adjoining or adjacent, on which the work was done and materials were furnished under one entire contract, cannot be enforced at all, even though filed within four months after the completion of the last building, where the other buildings were com-

pleted and sold more than four months before the claim was filed, and where there is nothing in the claim from which it can be ascertained how the amount claimed for work and materials is to be apportioned among the several buildings.

APPEAL from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding.

MORSE & DEMERATH, and WILSON & CUMMINGS, for appellants.

N. F. ANDERSON, and JAMES H. ANDREWS, for appellees.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is a mechanic's lien proceeding brought in the circuit court of Henry county by appellees, against appellants, under the Mechanic's Lien law of 1903. Appellees testified that on March 15, 1907, they made an oral contract with appellant Swan A. Anderson, whereby they agreed to install gas fittings, electric wiring, plumbing, heating apparatus and make the sewer connections for four houses to be erected upon four separate lots in Kewanee owned and possessed by said Anderson, for $2550. The claim for said lien was filed May 14, 1908, and this proceeding was instituted in the circuit court January 9, 1909. The decree of the circuit court found that said four buildings had been completed and that there was still due and unpaid to appellees under said contract $1505.80, with interest from March 14, 1908,—a total of $1751.95,—and that appellees have a lien on all four buildings therefor. From that decree this appeal has been prayed directly to this court on the ground that if the Mechanic's Lien statute be construed as it is necessary to construe it in order to uphold the decree of the trial court, said statute is unconstitutional.

It is first contended by appellants that the trial court improperly construed the Mechanic's Lien statute. Parts of

section 7 (paragraph 21) which are necessary to be considered (in connection with other portions of the statute) read as follows: "No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or encumbrancer or purchaser, unless within four months after completion, or if extra or additional work is done or material is delivered therefor within four months after the completion of such extra or additional work or the final delivery of such extra or additional material, he shall either bring suit to enforce his lien therefor or shall file * * * a claim for lien: * * * *Provided further,* that in the event that the contract relates to two or more buildings on two or more lots or tracts of land, then all of said buildings and lots or tracts of land may be included in one statement of claim for a lien." (Hurd's Stat. 1909, p. 1431.)

The evidence shows that one of the houses was situated on Division street, two on Prospect street, and one (a double house) on East Oak street; that all four houses were completed and all of the work performed on them, whether extra or otherwise, by the middle of November, 1907, excepting the Oak street house; that the last work was performed on the Oak street house March 14, 1908. The two houses on Prospect street and the one on Division street were sold and deeds delivered and recorded and possession taken before November 15, 1907. The Oak street house was sold and possession taken about September 23, 1907. The claim for lien and the bill filed in this proceeding do not designate which portion of the work or material was furnished for any special house, nor the time when such work was performed or the material furnished for each house. The only statement they contain on those points is that the first work was performed and material furnished about April 1, 1907, and the last March 14, 1908.

Previous to the passage of said act of 1903 a contractor could not file a single claim for lien for the whole amount due him for labor and materials for the erection of houses

on lots which were not adjoining or adjacent to one another, even though all labor was performed or materials were furnished under one contract. (See *Aurand* v. *Martin*, 188 Ill. 117, rendered in 1900, construing the Mechanic's Lien law of 1895.) Manifestly, the present act, as amended in 1903, was passed (and especially the amendments to sections 1 and 7) for the purpose of permitting the contractor to file one claim against separate buildings on lots that were not adjacent to or adjoining each other, provided the work was performed or material furnished for all of such buildings under one entire contract. The vital question in this case is whether the legislature intended by these changes to permit such a claim to be filed against buildings erected on several different lots under one entire contract, even though the work on some of the houses had been performed and the materials for such houses were furnished more than four months before the claim for lien was filed or the suit begun to enforce the lien. The purpose of requiring the claim to be filed within a stated time is, that third persons dealing with the property may have notice of the existence, nature and character of the lien as well as the times when the material was furnished and labor performed, and thus be enabled to learn from the claim itself whether it was such as can be enforced. That this was the purpose has been held by this court. (*Buckely* v. *Commercial Nat. Bank,* 171 Ill. 284, and cases cited.) To give the construction to this act contended for by appellees and found by the trial court in its decree would practically nullify that part of section 7 which provides that no lien shall be enforced to the prejudice of any other creditor, encumbrancer or purchaser unless within four months the claim for lien is filed or suit begun. In this case, as to three of the houses it is conceded that the work was all performed and the material furnished more than six months before the claim for lien was filed, and that these houses had all been sold by appellant Anderson to three

other appellants about six months before such claim was filed. It is a fundamental rule in the construction of statutes that they should be so construed as to give all parts a reasonable meaning if it is possible to do so. In our judgment the legislature did not intend to permit two or more buildings on two or more tracts of land to be included in one claim for lien unless the claim was filed within four months after the last labor was performed or the material furnished on each of the buildings. The authorities cited by counsel for appellees from other States cannot be decisive because they are upon statutes worded differently from ours.

Had this claim for lien stated specifically as to when the last work was performed or material furnished on each of the separate houses, then, if the labor was performed or material furnished, in accordance with said statement, on any particular house within four months of the time the claim was filed, a claim for such labor and material furnished on that house could have been enforced as a lien thereon, even though the labor or material for any of the other houses was shown to have been performed or furnished more than four months before the claim was filed. As mechanics' liens were not recognized by the common law or in equity but exist only by virtue of statutes creating them and providing a method for their enforcement, such statutes must be strictly construed with reference to those requirements upon which the right depends. (*Turnes* v. *Brenckle,* 249 Ill. 394.) We are therefore constrained to hold that this claim for lien cannot be enforced, even for labor performed or material furnished as to the Oak street house, because there are no data in the claim wherefrom the proper amount could be apportioned to that house. See *Kendall* v. *Fader,* 199 Ill. 294.

In view of the conclusion we have reached that the court by its decree did not construe the statute correctly, it is unnecessary for us to pass on the question whether the

statute as construed by the trial court would be unconstitutional as authorizing the taking of property without due process of law.

The conclusion that we have reached makes it impossible for any recovery to be had in this proceeding. The decree of the circuit court will therefore be reversed.

*Decree reversed.*