## DANVILLE BEN. & BLDG. ASS'N et al. v. HUFF et al.

### In re PORTERFIELD.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1919. Rehearing Denied December 5, 1919.)

### No. 2690.

BANKRUPTCY ☞260—ORDER FOR SALE OF REAL ESTATE NOT ESTABLISHING VALIDITY OF MECHANIC'S LIEN.

An order for sale of real estate of a bankrupt free of liens, expressly reserving the question of priority "between holders of mortgage incumbrances * * * and the holders of mechanics' liens," *held* not to conclusively establish validity of a mechanic's lien set up in an answer and alleged to be prior to the mortgages, as against the mortgagee, which made default; validity of its mortgages being admitted in the petition.

Appeal from the District Court of the United States for the Eastern District of Illinois.

Suit by H. B. Boyer, trustee in bankruptcy, against the Danville Benefit & Building Association, S. E. Huff, and others. From an order in favor of S. E. Huff, adjudicating the priority of liens, the Danville Benefit & Building Association and others appeal. Reversed.

The trustee in bankruptcy filed a bill of complaint setting forth his interest in certain real estate, acknowledging the validity of two certain mortgages, held by appellant, covering separate tracts of land, setting forth appellee Huff's two claims for mechanics' liens covering the same tracts of land, and charging, among other things, that certain other transfers, in no way before this court at this time, were fraudulently made, and praying among other things for a sale of all real estate free and clear of all incumbrances. Appellee Huff answered the bill, and set forth his claims for mechanics' liens, and claimed priority therefor over the two mortgages of appellant. No copy of such answer was served upon appellant, who defaulted as to the trustee's bill. The decree which followed did not determine any issue of priority as between appellant and appellee Huff, but especially reserved that question in the following language:

"13. It is further ordered, adjudged, and decreed by the court that the question of priority of payment between the holders of mortgage incumbrances on the real estate above described, and the holders of mechanics' liens as against said real estate is reserved for the further consideration of the court upon the coming in of the report of the sale of the said real estate as hereinafter provided, excepting as to said mortgage of Trevitt-Mattis Banking Company above mentioned, which is held to be a first lien upon the real estate described in said mortgage, and that such reservation is without prejudice to the rights of the respective parties in interest in said mortgage incumbrances and mechanics' liens on such subsequent hearing. * * *"

The amount realized from such sale being insufficient to pay both mortgages and the liens in full, a determination of the issue of priority was necessary. Upon such hearing it was established that the two mortgages were executed

and recorded June 20, 1916, and November 10, 1916, respectively, and the contracts for furnishing material for the two houses, for which Huff claimed liens, were entered into October 1, 1915, and March 9, 1916, respectively. Both claims for liens were filed December 9, 1916, too late according to appellant's contention to defeat its mortgages. A decree in favor of appellee Huff as holder of the mechanic's liens resulted in this appeal.

Donald C. Dobbins, of Champaign, Ill., for appellant.
Henry I. Gruon, of Urbana, Ill., for appellee.
Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). The District Judge in disposing of this issue of priority relied entirely upon the earlier decree of sale, saying:

"* * * Said decree establishing the validity of said liens of S. E. Huff necessarily implied that the said S. E. Huff had filed his claims for lien within the time required by the state statute, for otherwise said claims would not have been valid liens as against the trustee of said bankrupt representing said judgment creditors, and that therefore the effect of said decree is to foreclose the question as to the validity of said mechanics' liens, and the court adheres to its announcement to counsel at the trial of this cause, that the only question for consideration herein on distribution, as to the liens of S. E. Huff is as to the time that said liens attached as compared to the time of the execution and delivery of the mortgages on said tracts Nos. 1 and 3 above described. * * *"

All evidence tending to show the claim for liens was insufficient or not filed in time was excluded. Appellee offered no evidence to show the date when the last material was delivered, while appellant's offer to prove such date was more than four months prior to December 9, 1916, was rejected. The court also excluded appellant's testimony tending to show both lien claims were insufficient as against valid mortgages, in that they failed to set forth "a sufficiently correct description of the lots or tracts of land to identify the same."

We think the District Court misconceived the scope of the reservation appearing in the prior decree. The decree of sale did not determine in any way the issue of priority between mortgagee and the lienholder. As against appellant the court could not have determined this issue in appellee's favor. While appellant, upon its default, was bound by any decree that was supported by allegations in the bill as filed, it was not subject to a decree based upon allegations in appellee's answer and not appearing in the bill. Had the latter party wished to litigate this question of priority with his codefendant in that suit a cross-bill tendering such an issue should have been served upon appellant.

That this was the view of the late Judge Humphrey in entering the decree of the sale is, we think, apparent from the language used. The court left open for later determination all of those issues of fact that bore upon this question. In reaching this conclusion we have not overlooked appellee's argument that the decree of sale recognized the validity of the lien and that such recognition was necessarily an adjudication that the claims were seasonably filed and that each contained a sufficient description of the real estate. The Illinois statute (Hurd's R. S. 1917, c. 82, §§ 15, 21) however, does not support the

conclusion that an adjudication of validity necessarily implies adjudication by the court that the claims were sufficient in form and were timely filed. Had Huff failed to file his claim within four months from the date of the delivery of the last article that went into the improvement, his lien would have been lost as against the mortgagee, but it still would have been good as against the bankrupt. Schmidt v. Anderson, 253 Ill. 29, 97 N. E. 291.

Grant that the decree upholding the validity of the lien necessarily involved and disposed of the question arising out of the misdescription as well as the date of the delivery of the last article, so far as the trustee in bankruptcy is concerned, still these issues were open to appellant, not only because the court especially reserved them in its decree, but because the court was without authority, on the pleadings as they existed at the time of the decree, to conclude these questions against the appellant.

The decree is reversed, with directions to take testimony upon the issues of fact which are determinative of the issue of priority between appellant and the appellee, Huff.