434 F.Supp. 26 (1977)
In the Matter of PHILLIPS CONSTRUCTION COMPANY, INC., an Illinois Corporation, Bankrupt.
Edward LIMPERIS, Trustee, Plaintiff,
v.
FIRST NATIONAL BANK OF GENEVA et al., Defendants.
No. 74 B 3481.
United States District Court, N. D. Illinois, E. D.
June 15, 1977.
*27 Harry M. Schaffner, Schaffner & Ariano, Elgin, Ill., for Bankrupt.
Kevin J. Gillogly, Chicago, Ill., for Receiver.
Richard W. Burke, Jeffery D. Warren, Chicago, Ill., for Trustee.
John M. Kaveny, Chicago, Ill., Merwin R. Burman, Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER
KIRKLAND, District Judge.
This matter comes before the Court on petition for review of the February 2, 1977 Order of the Bankruptcy Judge, granting defendant Lawyers Title Insurance Corporation summary judgment against defendants Howard Jacobsen and Kenneth Jacobsen, d/b/a, Jacobsen Bros., Mason Contractors ("Jacobsen Bros.").
Jacobsen Bros. claims a mechanics lien for labor, materials, and services provided the bankrupt under a contract for masonry work on homes within a single family housing project. The claim was filed with the Recorder of Deeds January 4, 1974 for work completed December 5, 1973. The claim states that Jacobsen Bros. and the bankrupt were under contract to perform masonry work on buildings being erected on a total of seventy-two lots. The claim states only a listing of the legal description of the lots, the total amount owing and that a claim is being filed against the property.
The Illinois Mechanics Lien Act grants a contractor a "blanket lien" where *28 work is performed on multiple structures under a single contract and payment has not been forthcoming, Illinois Revised Statutes ch. 82, § 1 (1975). As against the owner, a single lien is created for the entire amount due against all property worked on. In order to perfect this lien as against third parties, a contractor is required to record or commence an enforcement suit within four months from completion of the work, Illinois Revised Statutes ch. 82, § 7 (1975). Where multiple buildings are being constructed, it is necessary to determine when work is "completed" within the meaning of Section 7.
The purpose of Section 7 is crucial to this determination. The Illinois Supreme Court has stated:
[T]he purpose of requiring the claim to be filed within a stated time is, that third persons dealing with the property may have notice of the existence, nature and character of the lien as well as the times when the material was furnished and labor performed, and thus be enabled to learn from the claim itself whether it was such as can be enforced. Schmidt v. Anderson, 253 Ill. 29, 32, 97 N.E. 291, 292 (1911). In order to effectuate this purpose, the court interpreted Section 7 of the Illinois Mechanics Lien Act as requiring that claims filed against multiple properties specify both the amount due on each building and the date the work was completed on each property. Id. at 32-33, 97 N.E. at 292.
Without apportionment, third parties cannot determine whether an individual building is encumbered. More importantly, if the date of completion for each property is not specified, the four month limitation period is rendered useless.
Under Sections 1 and 7 the lienor does not have the burden of apportioning his claim as against the owner. However, subsequent purchasers and encumbrancers are protected because the lienor must give notice of his claim and the amount of the claim within four months after the completion of the particular home. This permits the purchaser to pay the claim and obtain a release without fear of the future conduct of other owners. Further encumbrancers may loan money without fear after the four month period has expired.
Because Jacobsen Bros. has not complied with the apportionment or dating requirements of Section 7 of the Mechanic's Lien Act as interpreted by the Illinois Supreme Court in Schmidt v. Anderson, supra, the lien asserted against third party creditors is invalid.
Accordingly, the Order of the Bankruptcy Judge, which granted Lawyers Title Insurance Corporation's motion for summary judgment and denied the validity of Jacobsen Bros.' mechanics lien against all third party creditors, is affirmed.