No. 2-09-0934     Filed: 10-20-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| NATIONAL CITY MORTGAGE, a Division of National City Bank of Indiana, n/k/a National City Bank, | ) ) ) | Appeal from Circuit Court of Lake County. |
| | ) | |
| Plaintiff and Counterdefendant-Appellee, | ) ) | |
| | ) | |
| v. | ) | No. 07--CH--3174 |
| | ) | |
| MICHAEL M. BERGMAN, | ) | |
| | ) | |
| Defendant and Counterdefendant | ) | |
| | ) | |
| (Enterprise Z Construction Company, Inc., | ) | |
| Defendant and Counterplaintiff-Appellant; | ) | Honorable |
| Ravenna East Homeowners Association, | ) | Mitchell L. Hoffman and |
| Defendant and Counterdefendant; | ) | Michael B. Betar, |
| Alla Bergman, Counterdefendant). | ) | Judges, Presiding. |

JUSTICE BURKE delivered the opinion of the court:

This is an appeal from the order of the circuit court of Lake County granting partial summary judgment to plaintiff, National City Mortgage, n/k/a National City Bank (National City), finding its mortgage interest prior and superior to the mechanic's lien of defendant Enterprise Z Construction Company (Enterprise). The trial court granted National City's motion solely because Enterprise's recorded claim for a mechanic's lien, filed pursuant to section 7 of the Mechanics Lien Act (Act) (770 ILCS 60/7 (West 2006)), did not recite the date that Enterprise last provided labor and materials for improvements to the property in question. The trial court relied on Merchants Environmental

Industries, Inc. v. SLT Realty Ltd. Partnership, 314 Ill. App. 3d 848, 869 (2000), the only authority

on point, in which the First District Appellate Court held that, although section 7 of the Act does not

expressly require inclusion of a contract completion date in a lien claim, such a requirement must

be inferred. Enterprise distinguishes Merchants and maintains that the Act must be strictly construed

to require only those elements listed in section 7 to perfect an enforceable lien claim. We agree and

hold that a lien claim under section 7 need not include on its face a contract completion date in order

to be enforceable. Accordingly, we reverse the order granting partial summary judgment to National

City and remand for further proceedings.

FACTS

The facts pertinent to this appeal are undisputed. On May 10, 2006, defendant Michael

Bergman (Bergman), who is not a party to this appeal, contracted with Enterprise to provide labor

and materials to build a house on his property located at 7304 Greenbridge Lane, Long Grove,

Illinois (the property). On May 23, 2006, Bergman obtained a loan from National City and

mortgaged the property to secure his loan.

On June 15, 2006, National City recorded a mortgage security interest on the property with

the Lake County recorder of deeds. In 2007, National City began proceedings to foreclose the

mortgage after Bergman failed to make the required mortgage payments.

In September 2007, Enterprise suspended performance of the contract with Bergman. On

October 11, 2007, Enterprise recorded an "Original Contractor's Claim for Mechanic's Lien" with

the Lake County recorder of deeds. In its lien claim, Enterprise set forth, inter alia, that (1) it had

entered into a contract to erect a single-family residence on the property for an original contract

amount of $896,700; (2) the contract was entered into with Bergman, as the owner of the property;

(3) the labor and materials provided were with the knowledge and consent of the owner; (4)

Enterprise had completed the work for which it claimed a lien; and (5) there was, after allowing credits, a balance due of $226,730. The secretary-treasurer of Enterprise verified by affidavit that Enterprise had met all the requirements of section 7 of the Act. Also attached to the lien claim was a copy of a contractor's affidavit previously recorded by the secretary-treasurer of Enterprise in accordance with the provisions of section 5 of the Act (770 ILCS 60/5 (West 2006)). The lien claim did not set forth the date that Enterprise had last provided labor and materials for the improvements to the property pursuant to its contract with Bergman.

On November 29, 2007, National City filed against Bergman the present complaint for foreclosure of its mortgage interest and named Enterprise as codefendant due to the mechanic's lien. In the complaint, National City alleged, among other things, that Enterprise's mechanic's lien was subordinate to National City's mortgage interest due to Enterprise's failure to state a completion date in the lien claim.

Enterprise filed an answer and counterclaim to foreclose on its mechanic's lien, alleging that Bergman owed Enterprise $226,730 for the labor and materials and that Enterprise had suspended performance of the contract on or about September 9, 2007. Enterprise alleged that under the "enhancement doctrine" its lien was superior to National City's mortgage interest, since the labor and materials provided by Enterprise had enhanced the value of the property. Enterprise attached to its counterclaim all the averments required for a complaint to foreclose under section 11 of the Act (770 ILCS 60/11 (West 2006)). Section 11 requires that a pleading asserting a lien claim shall contain, inter alia, a brief statement of the contract; the date when the contract was dated or entered into; the date on which the claimant's work, labor, or material was last performed or furnished; whether the claimant completed its work and, if not, why; the amount due and unpaid; a description of the

premises; and such other facts as may be necessary for a full understanding of the rights of the parties. 770 ILCS 60/11 (West 2006).

On May 29, 2008, National City filed a motion for summary judgment on the issue of lien priority and asked the trial court to find Enterprise's lien to be inferior to National City's mortgage interest because the lien claim did not contain a completion date. National City argued that such a requirement is inferred with respect to third parties, and it relied on Merchants, in which the First District Appellate Court ruled that, while section 7 of the Act does not expressly require inclusion of a completion date in a lien claim, that requirement must be inferred nevertheless. Merchants, 314 Ill. App. 3d at 869.

On July 17, 2008, the trial court granted National City's motion, applying the holding in Merchants and finding that the failure to expressly state the completion date in Enterprise's lien claim rendered the lien claim unenforceable. Subsequently, on December 24, 2008, the trial court entered judgment for foreclosure and sale of the property. In August 2009, the trial court entered an order confirming the sale. Enterprise timely appeals the orders for partial summary judgment and sale confirmation.

ANALYSIS

Enterprise contends on appeal that the trial court erred in granting partial summary judgment to National City, as the Act ought to be strictly construed to require only those elements listed in section 7 to perfect an enforceable lien claim against other encumbrances.

A motion for summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2--1005(c) (West 2008); Dardeen v. Kuehling, 213 Ill. 2d 329, 335 (2004). The nonmoving party will survive a motion for summary judgment if the party presents "a factual basis that would arguably entitle him

to a judgment." Carollo v. Al Warren Oil Co., 355 Ill. App. 3d 172, 179 (2004), citing Allegro Services, Ltd. v. Metropolitan Pier & Exposition Authority, 172 Ill. 2d 243, 256 (1996).

The use of summary judgment is encouraged as an aid in the expeditious disposition of a lawsuit; however, it is a drastic measure and should be allowed only when the right of the moving party is clear and free from doubt. Purtill v. Hess, 111 Ill. 2d 229, 240 (1986); American States Insurance Co. v. Hamer, 352 Ill. App. 3d 521, 525 (2004). In determining whether the moving party is entitled to summary judgment, the court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the nonmoving party. Hamer, 352 Ill. App. 3d at 525. This court reviews de novo the trial court's decision to grant summary judgment. Hamer, 352 Ill. App. 3d at 525.

Enterprise asserts that its lien claim complies with the requirements set forth in section 7 of the Act and that the claim need not provide a statement of the contract completion date to show that the claim was filed within the statutory time limit of four months from the completion of the work because, quite simply, such a statement is not required under section 7. In response, National City asserts, relying solely on the First District Appellate Court's ruling in Merchants, that the statute implies that a statement of the contract completion date is necessary for statute-of-limitations purposes. Thus, National City maintains that the present lien claim cannot be enforced because it does not include a contract completion date.

Section 7 of the Act provides, in relevant part:

"No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or incumbrancer or purchaser, unless within 4 months after completion, *** he or she shall either bring an action to enforce his or her lien therefor or shall file in the office of the recorder of the county in which the building,

erection or other improvement to be charged with the lien is situated, a claim for lien, verified by the affidavit of himself or herself, or his or her agent or employee, which shall consist of a brief statement of the claimant's contract, the balance due after allowing all credits, and a sufficiently correct description of the lot, lots or tracts of land to identify the same. Such claim for lien may be filed at any time after the contract is made and within 2 years after the completion of the contract ***." 770 ILCS 60/7 (West 2008).

In Merchants, an entity known as Iron Mike's rented floor space in a hotel in October 1996 from the owner, Tremont, to establish a restaurant. In November 1996, Iron Mike's contracted with Merchants to perform heating, ventilation, and air-conditioning work for the rented hotel space.[1] Merchants, 314 Ill. App. 3d at 850. On April 8, 1997, SLT Realty purchased the hotel from Tremont, and Iron Mike's lease was transferred with the purchase. Merchants, 314 Ill. App. 3d at 850. Merchants filed a lien claim against Iron Mike's on December 17, 1997. Merchants averred that it had complied with the requirements of section 7 and that its claim was timely filed within four months of completion of the contract. SLT Realty moved for summary judgment, alleging that Merchants had completed all of its work on the property before August 17, 1997, so that its lien claim was filed more than four months after the completion date and, thus, was untimely under section 7. Merchants, 314 Ill. App. 3d at 851. Like Enterprise here, Merchants omitted from its lien

---

[1]Iron Mike's contracted with Tom Gold Construction Company to act as the general contractor, which subsequently hired Merchants as a subcontractor. Merchants, 314 Ill. App. 3d at 850. This fact did not affect Merchants' lien claim.

claim a statement of the contract completion date. The trial court granted SLT Realty summary judgment against Merchants.

SLT Realty argued on appeal that Merchant's lien claim was unenforceable because it did not contain a statement of the completion date. SLT Realty contended that, absent such a statement, a third-party purchaser such as SLT Realty is unable to determine from the lien claim itself whether it is enforceable. SLT Realty therefore asserted that inclusion of the completion date is required.

The First District agreed. Merchants, 314 Ill. App. 3d at 868. The court noted that, under section 7, a mechanic's lien is not enforceable unless, within four months after completion of the work, either a lien claim is recorded or an action is brought to enforce the lien. The court observed further that, "[w]hile section 7 itself does not expressly require inclusion of the completion date in the lien claim, nevertheless that requirement must be inferred." Merchants, 314 Ill. App. 3d at 869. The court asserted that the primary purpose for requiring the lien claim to be filed within a specified time is so " 'third persons dealing with the property may have notice of the existence, nature and character of the lien as well as the times when the material was furnished and labor performed, and thus be enabled to learn from the claim itself whether it was such as can be enforced.' " (Emphasis in original.) Merchants, 314 Ill. App. 3d at 868-69, quoting Schmidt v. Anderson, 253 Ill. 29, 32 (1911). The First District reasoned that, "[w]ithout a completion date, a person examining the lien claim would not know whether the four-month filing requirement had been met." Merchants, 314 Ill. App. 3d at 869.

National City argues that this requirement must be inferred in the present case in order to protect it, as an innocent third party, by allowing it to determine, from the claim itself, when the work was completed and thus whether the claim is enforceable. While the trial court was bound by appellate court precedent to apply the holding in Merchants to the present case (see Schiffner v.

Motorola, Inc., 297 Ill. App. 3d 1099, 1102 (1998) ("[S]tare decisis requires courts to follow the decisions of higher courts, but does not bind courts to follow decisions of equal or inferior courts"), this court is not required to follow the decisions of its sister districts or, for that matter, our own prior decisions. See O'Casek v. Children's Home & Aid Society of Illinois, 229 Ill. 2d 421, 440 (2008) ("[T]he opinion of one district, division, or panel of the appellate court is not binding on other districts, divisions, or panels"). We decline to follow the First District's holding in Merchants because the analysis ignores statutory-construction and equitable principles and misreads relevant case law for support.

Mechanics' lien statutes must be strictly construed with reference to those technical and procedural requirements upon which the right depends. First Federal Savings & Loan Ass'n of Chicago v. Connelly, 97 Ill. 2d 242, 246 (1983). This is so because mechanics' liens were not recognized by the common law or in equity but exist only by virtue of the statutes creating them and providing a method for their enforcement. Connelly, 97 Ill. 2d at 246.

In Connelly, the plaintiff moved for the entry of an order determining lien priority between the plaintiff, as a prior mortgagee, and the defendant, as a mechanic's lien claimant. The plaintiff alleged that the defendant's lien was subordinate to its mortgage because the lien claim did not separately disclose the date that work was completed on each of four buildings and it failed to apportion the total contract price among the four buildings. Connelly, 97 Ill. 2d at 245. Although Connelly did not address whether a completion date is required by inference on the face of a lien claim, as Merchants did, it considered the issue of whether a lien claim must contain other elements than those specifically provided for in the Act. The supreme court concluded that strict construction requires the inclusion of only the statute's requirements, stating:

"The language of the Mechanics' Lien Act, while explicitly authorizing the filing of liens against multiple parcels, nowhere requires an apportionment of the total claim among the specific parcels. [Citation.] We see no reason to establish filing requirements other than those provided in [the Act.] *** When the lien claimant has strictly complied with each of the statutory requirements, he has a right to expect that his lien will be completely enforce[d] ***." Connelly, 97 Ill. 2d at 251.

The court noted that the provisions of the Act " 'disclose[d] a manifest legislative intent to remove, as far as practicable, technical requirements as a material element of the right to enforce a valid lien, and to clarify questions touching the materiality of the steps prescribed by the statute.' " Connelly, 97 Ill. 2d at 251, quoting United Cork Cos. v. Volland, 365 Ill. 564, 572 (1937). The court further observed the following:

" 'The doctrine of strict construction was never meant to be applied as a pitfall to the unwary, in good faith pursuing the path marked by the statute, nor as an ambuscade from which an adversary can overwhelm him for an immaterial misstep. Its function is to preserve the substantial rights of those against whom the remedy offered by the statute is directed, and it is never employed otherwise.' " Connelly, 97 Ill. 2d at 251, quoting United Cork Cos., 365 Ill. at 572.

In strictly construing the statute as required, we find nothing in section 7 requiring a claimant to state the date of the completion of the contract. The plain language of section 7 instructs the lien claimant only to: (1) file the claim within four months after the completion of the work; (2) verify the lien by affidavit of the claimant or an agent or employee; (3) include a brief statement of the contract; (4) set forth the balance due; and (5) provide a sufficiently correct description of the lot,

lots, or tracts of land to identify the same. Tefco Construction Co. v. Continental Community Bank & Trust Co., 357 Ill. App. 3d 714, 719 (2005) (citing section 7 of the Act).

Furthermore, the "cardinal rule of interpreting statutes, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature" (Ferguson v. McKenzie, 202 Ill. 2d 304, 311 (2001)), the best indication of which is the statutory language, given its plain and ordinary meaning. Rosewood Care Center, Inc. v. Caterpillar, Inc., 226 Ill. 2d 559, 567 (2007); People v. Cordell, 223 Ill. 2d 380, 389 (2006). When the language of a statute is clear and unambiguous, it must be applied without resort to other aids of construction. Murray v. Chicago Youth Center, 224 Ill. 2d 213, 235 (2007).

The rules of statutory construction also provide that, when the legislature includes particular language in one section of a statute but omits it in another section of the same act, courts presume that the legislature has acted intentionally and purposely in the inclusion or exclusion. Adames v. Sheahan, 233 Ill. 2d 276, 311 (2009). While section 7 does not set forth the requirement that a lien claim include a contract completion date, section 11 (770 ILCS 60/11 (West 2008)) does require that date in any pleading asserting a lien claim. Thus, because the legislature included the requirement in section 11 and excluded it in section 7, it should not be inferred where it was excluded, as the Merchants court did. The fact that the legislature required a completion date in a pleading asserting a lien claim, but did not require the date to be specifically set forth in the lien claim itself, indicates that the legislature was aware of the importance of the completion date and specifically intended that it needed to be identified only when a lawsuit seeking to foreclose on the lien is commenced.

We observe that section 4 of the mechanics' lien act of 1887 required a claim to "set[] forth the time when such material was furnished or labor performed." Ill. Rev. Stat. 1887, ch. 82, par. 4; see McDonald v. Rosengarten, 134 Ill. 126, 130 (1890). That this requirement was not brought

forward to the current version of the Act is another strong indication that the legislature did not mean to include the requirement in section 7.

The First District did not employ the doctrine of strict construction or the rules of statutory construction in determining that the legislature intended to require a completion date in a lien claim. Instead, it concluded, relying on Schmidt, that the purpose of section 7's four-month filing requirement is to allow a third party to learn from the claim itself whether it is enforceable and that, if the completion date is omitted, the third party could not determine from the claim whether the four-month filing requirement was met. Merchants, 314 Ill. App. 3d at 869-70. The First District's interpretation of the purpose of the Act omits the primary reason for a section 7 claim, which is simply to give general notice of a potential lien claim by providing information about the existence, nature, and character of the lien. See Connelly, 97 Ill. 2d at 248, citing Schmidt, 253 Ill. at 32. Section 7's notice requirements do not include specific apprisal of a contract completion date. Those specific facts necessary for enforceability of a lien claim, such as the contract completion date, are set forth in section 11. If we were to add a requirement of a contract completion date to section 7, we would be overstepping the bounds of our authority.

Furthermore, the First District's reliance on Schmidt was misplaced. In Schmidt, the supreme court opined that "[t]he purpose of requiring the claim to be filed within a stated time is that third persons dealing with the property may have notice of the existence, nature and character of the lien as well as the times when the material was furnished and labor performed, and thus be enabled to learn from the claim itself whether it was such as can be enforced." Schmidt, 253 Ill. at 32. The First District reasoned that, "while Schmidt did deal with multiple properties, it required a completion date for each of them," and the court ruled that any distinction on the basis of a single property would be a "distinction without a difference." Merchants, 314 Ill. App. 3d at 869.

However, the First District did not follow Connelly, which narrowed the holding in Schmidt, ruling that the dating and apportionment requirements considered in Schmidt were necessary only to enforce the four-month limitations period under circumstances analogous to the facts of that case. Connelly, 97 Ill. 2d at 249; see also Water Products Co. of Illinois, Inc. v. Gabel, 120 Ill. App. 3d 668, 670-71 (1983) (recognizing, on the issue of the apportionment of the total claim amount due among specific parcels, that the Connelly court limited the holding in Schmidt). The supreme court never held that a third party ought to be able to determine from a claim itself whether it is enforceable, and the First District never found the facts in Merchants similar to those in Schmidt.

We note also, as pointed out by Enterprise, that "[w]hatever logic might arguably have supported [the Merchants court], in inferring that a date must be included in order to protect third-party potential purchasers, would be inapplicable to the case at bar, which involves a priority dispute between a bank that had recorded its mortgage interest well before a contractor recorded its claim for lien." National City could not have relied upon the content of Enterprise's later-recorded lien claim when it loaned money to Bergman in consideration for a security interest in the property. Here, National City was not a subsequent third-party purchaser; the mortgage interest on the property was recorded well in advance of Enterprise's lien claim.

Finally, a suit under the Act is a suit in equity and equitable principles must apply. See Armco Steel Corp. v. La Salle National Bank, 31 Ill. App. 3d 695, 699 (1975). The First District did not regard these principles in determining that a completion date is required. To hold that a lien claim is unenforceable because it failed to set forth a completion date would be inequitable when the lien holder has complied with the statutory requirements of a lien claim, which do not include providing a completion date. The supreme court was aware of this when it held that, once a lien

claimant has complied with the statutory prerequisites, the Act should be liberally construed in order to carry out its remedial purpose. Connelly, 97 Ill. 2d at 246. A lien claimant who has strictly complied with each of the statutory requirements has the right to expect that his lien will be completely enforceable. See Connelly, 97 Ill. 2d at 251. If National City's mortgage interest were to be given priority over Enterprise's lien claim, National City would be in a position to realize any benefit of the property's enhanced value created by the labor and materials provided by Enterprise.

National City argues that, if the specific elements required for enforceability are not to be used to evaluate the validity of the lien claim, then there is no purpose in ever recording a lien, since any type of information recorded could be false. The Connelly court recognized this issue, and observed that, even when a claimant files a claim for a specific amount, a prior mortgagee does not have complete assurance of the accuracy of the amount of the claim. Connelly, 97 Ill. 2d at 250. But, the court opined that such information is easily obtainable by communicating with the lien claimant or, if necessary, through discovery. Connelly, 97 Ill. 2d at 250.

In sum, after applying the statutory-construction canons and equitable principles to a section 7 lien claim, we hold that a lien claimant need not show a contract completion date on the face of the claim. We must strictly adhere to the requirements of section 7, which instructs only that a claim for lien: (1) be filed within four months after the completion of the work; (2) be verified by affidavit of the claimant or an agent or employee; (3) contain a brief statement of the contract, (4) set forth the balance due; and (5) provide a sufficiently correct description of the lot, lots, or tracts of land to identify the same. Section 7 does not command that a lien claim contain a contract completion date. To construe section 7 to require a contract completion date would frustrate those who have, in good faith, relied on the plain language of the statute in submitting their lien claim. Any policy arguments

raised by National City need not be discussed at great length. Balancing dueling policy concerns is a more appropriate role for the legislature than for this court.

Having determined that a lien claim under section 7 does not require the inclusion of a statement of the contract completion date, we find that Enterprise's lien claim contained all the information required under section 7 and thus fully complied with the statute. National City does not dispute that Enterprise's lien claim complied with the requirements of section 7, asserting only that it lacked a contract completion date. Furthermore, Enterprise's counterclaim to foreclose the lien included all the averments required under section 11 (including an allegation as to the date it last provided labor and materials). Questions regarding its enforceability, including the timing of the recording of the lien and the date that labor and materials were actually last provided, are for the trial court to determine based on the evidence. Accordingly, we reverse the judgment of the trial court granting partial summary judgment to National City and ordering confirmation of the sale, and we remand the cause for further proceedings to determine the enforceability of Enterprise's lien claim.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Lake County granting partial summary judgment in favor of National City and ordering confirmation of the sale is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded with directions.

HUTCHINSON and JORGENSEN, JJ., concur.